UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD A. LUTHMANN, JR.

       Plaintiff,

v.                                                          Case No. 2:26-cv-00666-SPC-DNF

UNITED STATES DEPARTMENT
OF JUSTICE,

       Defendant.

_____/

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant United States Department of Justice ("Defendant" or "DOJ") hereby responds to the First Amended Complaint for Relief (Doc. 10) filed by Plaintiff Richard A. Luthmann, Jr. ("Plaintiff") in this action, which arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## RESPONSES TO THE NUMBERED PARAGRAPHS

Defendant responds below to the separately numbered paragraphs and demand for relief contained in this Complaint. To the extent that any allegation is not explicitly admitted herein, it is denied. The answer's headings, which are contained in Plaintiff's complaint, are provided for organizational purposes only and are not admission of any characterization or factual assertion in the headings. Moreover, to the extent that the Complaint or this Answer refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, Defendant's references are not intended to be, and should not be

construed to be, an admission that the cited materials:  (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.  Defendant responds as follows:

### Preliminary Statement

1. This paragraph consists of Plaintiff's characterization of the present action, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief he seeks in this action.

2. This paragraph consists of Plaintiff's characterization of the present action, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief he seeks in this action.

3. Defendant admits that the Federal Bureau of Investigation (FBI) and the Office of Information Policy (OIP) received FOIA requests and administrative appeals from Plaintiff.  The remaining allegations in this paragraph consist of background information regarding Plaintiff and a legal conclusion, to which no response is required.

4. This paragraph consists of Plaintiff's legal conclusions. To the extent a response is required, Defendant denies the allegations.

5. This paragraph consists of Plaintiff's characterization of the present action, to which no response is required.  To the extent a response is

required, Defendant denies that Plaintiff is entitled to the relief he seeks in this action.

## Jurisdiction and Venue

6.    This paragraph consists of Plaintiff's legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that this Court has subject-matter jurisdiction over Plaintiff's claims subject to the terms and limitations of the FOIA.

7.    This paragraph consists of Plaintiff's legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over Plaintiff's claims subject to the terms and limitations of the FOIA.

8.    This paragraph consists of Plaintiff's legal conclusions regarding venue, to which no response is required. To the extent a response is required, Defendant admits that venue over Plaintiff's FOIA claims lies in this district.

## Parties

9.    This paragraph consists of background information regarding Plaintiff; they do not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

3

10. Defendant admits that DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1). The remaining allegation in this paragraph consists of a legal conclusion, to which no response is required.

### General Factual Allegations

11. This paragraph consists of Plaintiff's characterization of his FOIA requests, to which no response is required. Defendant respectfully refers the Court the requests for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of those requests.

12. This paragraph consists of Plaintiff's characterization of his FOIA request and the present action, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief he seeks in this action.

13. This paragraph consists of Plaintiff's characterization of his FOIA requests, to which no response is required. Defendant respectfully refers the Court the requests for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of those requests.

14. This paragraph consists of Plaintiff's characterization of his FOIA requests, to which no response is required. Defendant respectfully refers the Court the requests for a complete and accurate statement of their

contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of those requests.

### Tortora Authorization

15. This paragraph consists of Plaintiff's characterization of Exhibit A of the Complaint, to which no response is required. Defendant respectfully refers the Court to that Exhibit for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of Exhibit A.

16. This paragraph consists of Plaintiff's characterization of Exhibit A of the Complaint, to which no response is required. Defendant respectfully refers the Court to that Exhibit for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of Exhibit A.

17. This paragraph consists of Plaintiff's characterization of Exhibit A and the present action, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief he seeks in this action.

### Plaintiff's FOIA Request to the FBI

18. Defendant admits that FBI received a FOIA request from Plaintiff, dated December 3, 2024. Defendant respectfully refers the Court to that request, Exhibit B, for a complete and accurate statement of its contents

5

and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of that request, Exhibit B.

19. This paragraph consists of Plaintiff's characterization of his request to the FBI, to which no response is required. Defendant respectfully refers the Court to that request, Exhibit B, for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of that request, Exhibit B.

20. This paragraph consists of Plaintiff's characterization of his request to the FBI, to which no response is required. Defendant respectfully refers the Court to that request, Exhibit B, for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of that request, Exhibit B.

21. Defendant admits that the FBI acknowledged receipt of Plaintiff's FOIA request by letter dated December 23, 2024. Defendant respectfully refers the Court to the cited letter, Exhibit D, for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of that request, Exhibit D.

22. Defendant admits that the FBI communicated with Plaintiff regarding his FOIA request by letter dated December 23, 2024. Defendant respectfully refers the Court to the cited letter, Exhibit D, for a complete and accurate statement of its contents and denies any allegations to the

6

extent that they are inconsistent with the full text of that letter, Exhibit D.

23.     Defendant respectfully refers the Court to that letter dated December 23, 2024, Exhibit D, for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of that letter, Exhibit D.

24.     Defendant admits that OIP received an administrative appeal from Plaintiff dated March 18, 2025.  Defendant respectfully refers the Court to that administrative appeal, Exhibit E, for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of that appeal, Exhibit E.

25.     Defendant admits that, on March 19, 2025, OIP acknowledged receipt of an administrative appeal from Plaintiff and assigned appeal number A-2025-01094, and that, on September 12, 2025, OIP responded to that administrative appeal from Plaintiff.  Defendant respectfully refers the Court to that acknowledgment letter, Exhibit F, and that response letter, Exhibit G, for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the letters.

26.     This paragraph consists of Plaintiff's characterization of OIP's administrative appeal response to Plaintiff, to which no response is

required. Defendant respectfully refers the Court to that letter, Exhibit G, for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of that response, Exhibit G.

### Plaintiff's FOIA Request to OIP / DOJ

27. Defendant admits that OIP received a FOIA request from Plaintiff, dated December 3, 2024. Defendant respectfully refers the Court to that request, Exhibit C, for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of that request, Exhibit C.

28. This paragraph consists of Plaintiff's characterization of his request to OIP, to which no response is required. Defendant respectfully refers the Court to that request, Exhibit C, for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of that request, Exhibit C.

29. Defendant admits that, on December 17, 2024, OIP responded to Plaintiff's FOIA request to OIP. Defendant respectfully refers the Court to that response, Exhibit H, for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of that response, Exhibit H.

30. Defendant admits that, on December 17, 2024, OIP assigned request number FOIA-2025-01213 to Plaintiff's FOIA request to OIP and

8

responded to Plaintiff's FOIA request.  The remaining allegation in this paragraph consists of Plaintiff's characterization of OIP's response to Plaintiff's FOIA request, to which no response is required.  Defendant respectfully refers the Court to that letter, Exhibit H, for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of that response, Exhibit H.

31.    Defendant admits that OIP received an administrative appeal from Plaintiff, dated December 20, 2024.  Defendant respectfully refers the Court to that administrative appeal, Exhibit I, for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of that appeal, Exhibit I.

32.    Defendant admits that, on December 20, 2024, OIP acknowledged receipt of an administrative appeal from Plaintiff and assigned appeal number A-2025-00574, and that, on April 25, 2025, OIP responded to that administrative appeal from Plaintiff.  Defendant respectfully refers the Court to that acknowledgment letter, Exhibit J, and that response letter, Exhibit K, for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the letters.

9

33. This paragraph consists of Plaintiff's characterization of OIP's administrative appeal response to Plaintiff, to which no response is required. Defendant respectfully refers the Court to that letter, Exhibit K, for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of that response, Exhibit K.

## DOJ's Routing Rules and Plaintiff's Misrouted Request Theory

34. This paragraph consists of Plaintiff's characterization of DOJ's FOIA Regulations, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to DOJ's FOIA Regulations (available at: https://www.justice.gov/oip/doj-foia-regulations) for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the regulations.

35. Defendant denies that Plaintiff's request to OIP identified the requested records with sufficient specificity to permit internal routing within DOJ. Defendant respectfully refers the Court to OIP's response to Plaintiff's FOIA request, dated December 17, 2024, Exhibit H, and avers that OIP indicated that it "would not maintain the type of records you are seeking," and further confirmed that it could not "determine the nature of the records you are seeking." Defendant OIP further avers that DOJ FOIA regulations state that "a requester should write directly to the

10

[DOJ] FOIA office of the component that maintains the records being sought." 28 C.F.R. § 16.3(a)(1). The remaining allegation in this paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the remaining allegation in paragraph 35.

## Other Facts Bearing on Search Adequacy and Likely Custodians

36. This paragraph consists of Plaintiff's characterization of Exhibit L of the Complaint, to which no response is required. Defendant respectfully refers the Court to that Exhibit for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of Exhibit L.

37. This paragraph consists of Plaintiff's characterization of Exhibit L of the Complaint, to which no response is required. Defendant respectfully refers the Court to that Exhibit for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of Exhibit L.

## Exhaustion

38. This paragraph consists of legal conclusions, to which no response is required.

39. Defendant admits that, on September 12, 2025 and April 25, 2025, OIP responded to administrative appeals from Plaintiff. The remaining

11

allegation in this paragraph consists of a legal conclusion, to which no response is required.

### Claim I

40. Defendant incorporates its responses to paragraphs 1-39.

41. This paragraph consists of Plaintiff's legal conclusions, to which no response is required.

42. This paragraph consists of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 42.

43. This paragraph consists of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 43.

44. This paragraph consists of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 44.

45. This paragraph consists of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 45.

46. This paragraph consists of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 46.

47.   This paragraph consists of Plaintiff's legal conclusions, to which no response is required.

48.   This paragraph consists of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 48.

## Prayer for Relief

The remainder of Plaintiff's Complaint sets forth Plaintiff's requested relief, to which no response is required.  To the extent that this paragraph and/or its subparts may be deemed to contain factual allegations, they are denied.  To the extent a response is otherwise deemed required, Defendant denies that Plaintiff is entitled to the relief for which Plaintiff seeks.

## DEFENSES

Defendant alleges the following defenses to claims asserted in the First Amended Complaint.  In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.  Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the First Amended Complaint become known to it through the course of this litigation.

## FIRST DEFENSE

The Court lacks subject matter jurisdiction to award relief that exceeds the relief authorized under the FOIA, including but not limited to declaratory relief.  *See* 5 U.S.C. § 552(a)(4)(B).

## SECOND DEFENSE

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions or exclusions to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b).

## THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

## FOURTH DEFENSE

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

## FIFTH DEFENSE

Defendant's actions did not violate FOIA or any other statutory or regulatory provision.

DATED this 9th day of June, 2026.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:    */s/ Chad C. Spraker*
Chad C. Spraker
Assistant United States Attorney
United States Attorney No. 198
2110 First Street, Suite 3-137
Fort Myers, Florida 33901
Telephone:   (239) 461-2200
Facsimile:    (239) 461-2219
Email: chad.spraker@usdoj.gov
Lead Counsel for Defendant

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was furnished by

via U.S. mail on June 9, 2026, to the following:

Richard Luthmann
Pro Se Plaintiff
4199 Los Altos Court
Naples, FL 34109

/s/ *Chad C. Spraker*
Chad C. Spraker
Assistant United States Attorney