UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**RICHARD A. LUTHMANN, JR.**,

      Plaintiff,

v.                                              Case No. 2:26-cv-666-SPC-KRH

**UNITED STATES
DEPARTMENT OF JUSTICE**,

      Defendant.

_____/

## ORDER

Before the Court is a sua sponte review of the file.

After taking the bench, I reviewed this case (and all others assigned) for possible disqualification. At the time, I struggled with whether to disqualify here—ultimately determining that it would not be proper. *See In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) ("There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."). When preparing for a scheduling conference, I reviewed the parties' filings, which flagged recusal as a potential issue. Once more, I read the relevant law and ethical rules. *See, e.g.*, 28 U.S.C. § 455(a)-(b); Federal Code of Judicial Conduct Canon 3C-D. Then at the scheduling conference, the parties and I discussed this issue.

I sincerely appreciate the professionalism of both sides on this matter. But after much thought and deliberation, I have determined that recusal is proper to avoid any remote appearance of possible impropriety. *See* 28 U.S.C. § 455(a). I

have a lingering (albeit slight) feeling that someone on the street could have a reasonable question of impartiality, so I must recuse. *See Conroy v. Amos*, 785 F. App'x 751, 755 n.3 (11th Cir. 2019) (The law "now requires judges to resolve any doubts they may have in favor of disqualification." (cleaned up)).

Here is what's going on.

Immediately before taking the bench, I was a civil AUSA. Out of hundreds of cases that I worked on, one was a FOIA case filed by Plaintiff. *Luthmann v. FBI* ("*Luthmann 1*"), No. 2:21-cv-716-JES-NPM (M.D. Fla.). He sought records from federal law enforcement, including DOJ and FBI. DOJ's counsel here was my co-counsel on *Luthmann 1*. Best that I can recall, Plaintiff was always pleasant; we had a cordial working relationship; and the case ultimately resolved at summary judgment. Like any other busy civil litigator, I simply moved on to the other stacks of papers on my desk.

Fast forward two years: Plaintiff filed this FOIA case regarding unrelated records. These requests, however, again concerned DOJ and FBI. Plaintiff filed the case while the undersigned was still working at the US Attorney's Office. And Plaintiff served the USAO with this case on March 25—roughly three weeks before I stopped working there.[1]

As an AUSA, this case was never assigned to me. Nor did I learn any information about it. In fact, at all times relevant, I was in the final stages of my

---

[1] Like many employees transferring federal agencies or departments, I used two weeks of accrued annual leave from April 20 to May 1. So my last true workday was April 17. While not really working during the end of April, I was still technically employed by the USAO.

judicial background check. During that time, I was furiously trying to wind down my assigned caseload as much as possible. So there was likely never even a consideration to assign this case to me. Plus, judges' work on similar cases in their prior practice is not grounds to question their impartiality.

Still, the impossibly close timing and curious legal similarities of these cases give me pause. And while Plaintiff is a fine legal advocate, I am cognizant that he is pro se. It is unlikely that I would do much in this case. But there is just too much gray area given this unique fact pattern to hypothesize on what a reasonable observer, informed of these facts, might think. The parties appear prepared to litigate their FOIA dispute, and any close recusal call should not hang over the proceedings.

In the end, therefore, it would be prudent simply to recuse. *See* 28 U.S.C. § 455(a).

**ORDERED**:

1. The undersigned hereby **DISQUALIFIES** himself from these proceedings under § 455(a) and in the interest of justice.

2. The Clerk is directed to **REASSIGN** this case to another Magistrate Judge in the Fort Myers Division.

In Fort Myers, Florida, on July 9, 2026.

_____
Kevin R. Huguelet
United States Magistrate Judge